In the Matter of SIDNEY LASH, Also Known as SIDNEY R. LASH, an Attorney, Respondent.

First Department, January 28, 1938.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Sidney Lash*, respondent in person.

PER CURIAM. The respondent having been retained by one Azar Azarian to defend an action instituted against him, on June 30, 1936, notified his client that a decision had been rendered in favor of the plaintiff and that he required $231 — $200 to be deposited in court for the purposes of an appeal, $21 for the stenographic record, and $10 for premium on bond. By means of such representations he obtained that amount from his client. On July 13, 1936, he obtained an additional sum of $50 upon the false representation that said amount was needed as further collateral on appeal. The respondent converted said sums to his own use. He thereafter on several occasions falsely represented to his client that the money was on deposit in court. He failed to file a notice of appeal until some three months after the time so to do had expired. As a result his client lost the benefit of an appeal and was compelled to pay a judgment entered against him for the sum of $541.15. The respondent failed to return any part of the moneys thus fraudulently obtained. He attempted to defend this proceeding by claiming that he had kept intact the $281 received from his client for about three months and that at the end of said period he exhibited the money to his client and offered to return it but that his client refused to accept it and told him he might use it. This and other testimony adduced by the respondent as corroborative was palpably false and but serves to demonstrate his utter lack of character. It is in line with conduct of the respondent in a prior disciplinary proceeding, when he was suspended for two years for his conversion of the funds of a client. This court then characterized his attempted defense as an afterthought (*Matter of Lash*, 150 App. Div. 467).

It further appears that the respondent on March 16, 1937, induced one Harry L. Schein to lend him thirty dollars for the purpose of going to Philadelphia in connection with negotiations which the respondent asserted he was conducting with the Philadelphia Surety and Casualty Company whereby he was to be the agent

of said company in the city of New York, and promised to repay the money on March twenty-ninth. Said representations were false.

It has also been established that on or about January 19, 1935, one George R. Hall sought to negotiate a loan of $400 through the respondent. The respondent induced Mr. Hall to pay in advance the sum of $40, representing a cash discount which he stated the lender required for making the loan upon Mr. Hall's note. In reliance upon said representations, Mr. Hall gave respondent a note for $400 and $40 in cash. Mr. Hall did not obtain the loan. Neither the note nor the money advanced to the respondent was ever returned to Mr. Hall. The aforesaid representations were false and the respondent converted to his own use the sum of $40.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent disbarred.